# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed January 21, 1920.

see—140 Md. 306.

GEORGE McLEAN, ET AL.,
VS.
WILLIAM M. MALOY, ET AL.

*Wm. Marbury* and *Chas. H. Merillat* for plaintiffs.

*Hershey & Donaldson, Machen & Williams* and *Joseph C. France* for defendants.

DOBLER, J.—

From the mass of testimony offered by both parties in this cause in order that every detail in the management and settlement of the late Colin McLean's estate might be scrutinized, I have become satisfied that Messrs. Knapp and Maloy discharged their duties as administrators with diligence and great skill. The agreement of Sep-

tember 6th, 1916, whereunder lot D, mentioned in these proceedings, and Mrs. Catherine N. McLean's stock in the McLean Contracting Company were acquired by Messrs. Oscar B. Coblens and Donald McLean, was in all respects fair and to the advantage of the plaintiffs as well as to the other parties thereto. In all the negotiations leading up to the execution of said agreement, Messrs. Maloy and Brady advised the plaintiffs with fidelity and to the very best of their ability.

With reference to the agreement dated December 28th, 1916, I am satisfied that the plaintiffs were well posted with respect to all the property to which they became entitled in the settlement of their father's estate, and were desirous of making the disposition contemplated and set forth in said agreement; that they were aware of the interest which Messrs. Maloy and Brady were to have in the McLean Wharf and Warehouse Corporation, and that they, as well as Messrs. Maloy and Brady, believed the participation of the latter in the Wharf and Warehouse Corporation necessary to obtain the terms set forth in said agreement, and to insure the carrying out of said corporation's obligations thereunder. I find, as a matter of fact, that in the light of December, 1916, the sum of two hundred thousand dollars appeared to be a fair valuation of the property of the plaintiffs included in said agreement.

In my opinion, if the lease made in execution of the agreement of December 28th, 1916, had not given rise to a question as to the ultimate redemption price of the rent therein reserved, no controversy would have arisen between the parties to this cause.

But for the fact that the rent reserved in the lease dated January 3rd, 1917, is unmerchantable the bill in this case would be dismissed. I deem it, however, my duty to retain the bill for fifteen days, that the defendants may either cause said lease to be reformed so as to conform with the terms of the agreement of the 28th of December, 1916, or to cause to be exercised any of the options mentioned and provided for in said agreement or lease, or to make any other settlement acceptable to both parties to this cause.